# BRYAN P. KEENAN
## & Associates, P.C.

993 Greentree Road, Suite 101
Pittsburgh, PA 15220
Phone: (412) 922-5116
Fax:    (412) 444-0158

## POWER OF ATTORNEY AND CONTRACT OF REPRESENTATION

The purpose of this engagement letter is to set forth our mutual understanding of the basis on which we have agreed to undertake such representation. Under the Pennsylvania Rules of Professional Conduct and the Federal Bankruptcy Rules, I am required to inform you in writing of the basis of the fee and expense reimbursement arrangement that will be applicable to our handling of the Project. This letter will become effective upon our receipt of the retainer described below and a copy of this letter signed by you.

    1. **Parties to this Agreement:** In consideration of the legal services provided to and on behalf of **Edward F. Fisher, Jr. and Susan Fisher** hereinafter referred to as "Client(s))" by Bryan P. Keenan & Associates, P.C., (hereinafter referred to as "Firm"), for the following legal matter, **preparation, filing and representation in connection with a Chapter 13 Bankruptcy.** Client (s) agree(s) as follows:

    2. **Legal Fee:** Attorney will bill client at an hourly rate of $250.00 from the inception of this case, excluding the initial free consultation. Any additional no-obligation consultations after the initial free consultation are billable. Attorney has received check number 261 in the amount of $1,000.00 of which $500.00 shall be applied towards legal fees and $500.00 for costs shall be applied towards filing fees.

        **a. No-Look Fee ($4,000.00):** In instances where the legal services rendered are equal to or less than $4,000.00, counsel is not required to file a fee petition, in accordance with the local bankruptcy rules effective September 20, 2013. The initial Chapter 13 Plan will provide for the no-look fee of $4,000.00. Attorney has received payment for legal services in the amount of $500.00, which will be deducted from the no-look fee of $4,000.00. The balance of $3,500.00 shall be paid through the plan.

        **b) Fee Application (more than $4,000.00):** Whenever the legal services exceed $4,000.00 or 16 hours at an hourly rate of $250.00, the Court will require a fee application, which will include an itemization on time spent on the case. Attorney fees awarded will be paid through the Chapter 13 Plan and not directly by the debtor. The Chapter 13 Plan may need to be amended to ensure that counsel is paid for services rendered.

1

c. **Dismissal or Conversion:** Should the case be dismissed or converted to a Chapter 7, the client must pay their outstanding balance in full within 15 days of being billed or otherwise agreed upon.

3. **Costs:** Attorney will bill Client (s) for any costs or expenses incurred in the performance of legal service and incidental to the representation of Client (s). In instances where the costs incurred rendered are equal to or less than $500.00, counsel is not required to file a fee petition, in accordance with the local bankruptcy rules effective September 20, 2013 The following costs are anticipated and will be paid by the client separate from the attorney fees:

   a. Court filing fee:                                                        $310.00
   b. Credit Report ($33.00/$53.00)                                            $25.00
   c. *Suggestion of Bankruptcy ($30.00 each)*                                 $
   d. *Credit Counseling Fee:*                                                 $0.00
   e. *Debtor Education Fee:*                                                  $
   f. *Real Property Appraisals:*                                              $
   g. *Obtaining copy of Tax Transcripts:*                                     $
   h. *Conversion Fees and costs:*                                             $
   i. *Advertising Costs related to Motions/Complaints*                        $
      *to Sell Personal or Real Property*
   j. *Other:* _____                                          $
   k. Postage:                                                                 $
   l. Copies:                                                                  $

Attorney has received $335.00 for relevant costs indicated above. The no look fee balance of $165.00 shall be set aside for future costs. Whenever the costs exceed $500.00, the Court will require a fee application, which will include an itemization of costs incurred on the case. Attorney fees awarded will be paid through the Chapter 13 Plan and not directly by the debtor. The Chapter 13 Plan may need to be amended to ensure that counsel is paid for services rendered.

**Client acknowledges that they are responsible to pay unanticipated costs.**

4. **Legal Fees are Earned and Nonrefundable:** Client further understands, that **FEES PAID TO THE OFFICE WILL BE CONSIDERED EARNED, ARE NONREFUNDABLE.**

5. **Services Excluded: All of but not limited to items c through j in section 3 of this agreement shall be excluded under this agreement, unless included in the costs section above.** Other services not included, but not limited to, are as follows:

   a) **Credit Report Disputes:** Representation does not include disputing information that you believe is inaccurate or incorrectly reported to the credit bureaus.

2

b) **Truth In Lending or Predatory Lending Actions:** Representation does not include Truth In Lending or Predatory Lending Actions.

c) **Tax Returns:** To be eligible for bankruptcy you must have filed all of your Federal, state and local tax returns. It is your responsibility to file any un-filed returns and provide original copies to our office.

**6. Obligations of Client:** Client (s) understands that all of the information that they provide to attorney, is true and correct to the best of Client (s) knowledge. Client will notify Attorney as soon as possible of address, employment or income changes. I will also notify Bryan P. Keenan & Associates, P.C. of any change in my case.

a) **Filing of Emergency Petition:** Client (s) understands that if the Chapter 13 Bankruptcy petition is rush filed, Client is responsible to secure any and all information that is requested by the firm. If client is unable to secure all of the requested information, then the bankruptcy case will be dismissed without further notice or hearing if the missing information is not submitted to the court within the time set forth the by Bankruptcy Court.

**7. Modification of this Agreement.** If any additional legal services are to be performed beyond the scope of the services described above, a separate agreement as to how the firms is to be compensated by you for such services will be negotiated and a supplemental engagement letter concerning payment arrangements for such work will be executed before such work is performed.

**8. Withdrawal of Attorney:** Client agrees that in the event that Client(s) does not cooperate and does not attend all appointments and hearings which Clients(s) are told to attend, that Attorney shall have the right to cease providing further legal services and withdraw from further representation of client. Client (s) agree that in the event Client (s) fail (s) to make any payments as required by the above agreement, and or fail to replace funds that Attorney shall have the right to cease providing further legal services and withdraw from further representation of Client (s). Client (s) understands **that any check that does not clear due to insufficient funds** will be assessed and **additional fee of $35.00 per occurrence.** Client (s) has seven business days to cover these fees by pay money order, cashiers check or cash. Failure to make this payment will result in the closing of your case until a payment is made sufficient to cover the insufficient funds and the $35.00 fee.

**9. Discharge of Attorney:** Client (s) may request that Attorney performs no further legal services at any time by notifying Attorney in writing of the cancellation of request for legal services. All outstanding fees and expenses will be due, in full, within 30 days upon either Attorney's withdraw, as referred to in Paragraph 6, or Clients request for the termination of legal services, .

**10. Disclaimer:** Client acknowledges that attorney makes no guarantee regarding the outcome or success of Clients matter. Attorney does not have or hold any power to guarantee any certain outcome in clients favor.

3

**11. Entire Agreement:** This agreement is complete in its entirety between the parties involved. This agreement supersedes all other verbal or written agreement made prior to our concurrent with this agreement.

**12. Severability:** The remainder of this agreement shall be severable and remain in effect if any provision in whole or in part is held unenforceable for any reason.

**13. Arbitration of Malpractice:** In the event a dispute arises between attorney and client regarding any alleged malpractice by attorney, such dispute shall be resolved by binding arbitration in accordance with the Arbitration rules of Pennsylvania.

**14. Understanding Terms:** Client(s) verify that they have fully read this agreement and have asked any questions that they may have of firm concerning its terms. I/We agree to all the terms of this agreement in its entirety.

Accepted and agreed to the on the __12th__ day __July 2016__ with the intention to be legally bound.

_____ (Seal)
Edward F. Fisher, Jr.

_____ (Seal)
Susan Fisher

_____
By: Bryan P. Keenan

4